Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore W. Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Deborah De Villa (SBN 312564)
*ddevilla@ahdootwolfson.com*
Alyssa D. Brown (SBN 301313)
*abrown@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile:  (310) 474-8585

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>TEA DATING ADVICE, INC., X CORP., and 4CHAN COMMUNITY SUPPORT LLC,<br><br>Defendants. | Case No. 3:25-cv-06325-AGT<br><br>**PLAINTIFF JANE DOE'S ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM** |

Pursuant to Local Rule 7-11, Plaintiff Jane Doe respectfully moves this Court for an order allowing her to proceed under a pseudonym in this matter to protect her identity from public disclosure.[1]

## INTRODUCTION

Plaintiff's sensitive private information, including a photo of her driver's license, was exposed in a data breach of information stored on a publicly available database by Defendant Tea Dating Advice, Inc. ("Defendant") on or about July 25, 2025 ("Data Breach").[2] Nefarious actors downloaded the data and have been proliferating it through social media and dark web channels, including through messages that intimidate, harass and threaten violence against the female victims of the Data Breach.

Tea operates a mobile application and online platform marketed as a "dating advice" and safety tool exclusively for women. Tea was intended to create a space where women could anonymously share their dating experiences and warn each other about problematic men, without fear of retaliation from the men they were commenting about. To use Tea, users were required to submit a photo of their driver's license and additional identity verification information through the Tea app, which Tea promised to destroy upon completion of the verification process.

Plaintiff downloaded and joined Tea because she wanted to warn other women about a man who allegedly sexually assaulted two women in her small community in Northern California. Plaintiff specifically chose Tea because it promised anonymous reporting and she could fulfill her moral obligation to warn others without exposing herself to potential retaliation. She relied on Tea's promises of anonymity, safety, and information security, including the promise that her information would be destroyed upon completion of the verification process.

However, as alleged in Plaintiff's Complaint, on July 25, 2025, Defendant's entire database of user verification data—72,000 images including government-issued IDs—sat completely exposed on the internet, accessible to anyone with a web browser. The breach was discovered by 4chan users, who

---

[1] Pursuant to Local Rule 7-11, the Parties were unable to stipulate to the relief requested herein because Defendant has not yet appeared in this matter. *See* Declaration of Tina Wolfson in Support of Plaintiff Jane Doe's Motion to Proceed Under Pseudonym at ¶3.

[2] Unless otherwise stated, all facts are based on the allegations as set forth in Plaintiff's Complaint. *See* ECF 1.

created automated scripts to systematically download all the exposed data. Following the 4chan posts, the stolen data was then disseminated further on the X platform (formerly Twitter), including searchable databases linking women's real identities to their anonymous posts. Certain individuals with access to the Tea data also created a map, pinpointing the locations of the exposed users. One post regarding this map states: "If you've got access to the tea app leak, here is this map, here [sic] you can see where around you some of these retarded women decided so [sic] sign up, once clicking you can use the provided hashes to search their images in the leak ;)". Wolfson Decl., Ex. A.

Many of the posts regarding the Data Breach are also rife with more overt threats of violence and harassment. For instance, one post on X states, in part: "Some people are willing to hunt you down and unalive you for the lies that you have told with no actual proof. They pinpointed all of your locations that should tell you how serious this is. […]." Wolfson Decl., Ex. B.

Plaintiff's sensitive private information—including, but not limited to, her name, address, phone number, picture, and a copy of her driver's license was stolen in the Data Breach, and has been disseminated on 4chan and X. The Data Breach has already exposed individuals, such as Plaintiff, to physical danger from the very people they were warning others about, and from other nefarious actors who sought the data breach victims' PII in order to embarrass, harass and threaten them. Plaintiff now fears that her name being associated with a public filing will further increase the risk to her safety, including subjecting her to online and in-person abuse, harassment, threats of violence, and potential physical violence.

Plaintiff brings this suit on behalf of herself and on behalf of other similarly situated individuals to address Defendant's inadequate safeguarding of Plaintiff's and Class Members' sensitive personal information that it collected and maintained, for failing to provide timely and adequate notice to Plaintiff and other Class Members that their sensitive personal information had been subject to unauthorized access. An order allowing Plaintiff to proceed under the pseudonym Jane Doe is warranted given the potential risks to her in proceeding publicly. Furthermore, permitting Plaintiff to proceed under pseudonym will not prejudice Defendant. Plaintiff is willing to disclose her identity to

Defendant's counsel who appear, as needed, to resolve the issues in this case.[3] However, public disclosure of Plaintiff's identity is neither necessary nor warranted and could lead to her being subjected to harassment and harm.

## ARGUMENT

### I. PLAINTIFF SHOULD BE PERMITTED TO PROCEED UNDER PSEUDONYM

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the name of all parties, it is well-established that federal courts have discretion to permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases). The law is well-settled that parties to litigation may proceed using a pseudonym with leave of the court. *See*, e.g., *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 294 n.1 (2000) (noting that the district court had permitted the plaintiffs "to litigate anonymously to protect them from intimidation or harassment"). As this Court has explained, "[i]n this circuit, parties may use pseudonyms in unusual cases when nondisclosure of the party's identity is necessary 'to protect a person from harassment, injury, ridicule or personal embarrassment.'" *K.H.B. ex. rel K.D.B. v. UnitedHealthcare Ins. Co.*, No. 18-cv-04175-WHA, 2018 WL 4053457, at *1 (N.D. Cal. Aug. 24, 2018) (quoting *Advanced Textile*, 214 F.3d at 1067–68); *see also Balance Studio, Inc. v. Cybernet Entm't, LLC*, 204 F. Supp. 3d 1098, 1100–01 (N.D. Cal. 2016) (observing that a party can proceed anonymously where "anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature"). Courts in the Ninth Circuit analyze a request to proceed under a pseudonym or anonymously by asking whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1-68. Consistent with *Advanced Textile* and other Ninth Circuit precedent, courts in this district regularly permit parties to proceed pseudonymously or even anonymously when sensitive issues are relevant to the litigation.[4]

---

[3] Plaintiff intends to seek a protective order before disclosing identifying information to counsel for Defendant.

[4] *See*, e.g., *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-cv-02589-JSC, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018); *Doe v. Penzato*, No. 10-cv-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011).

Plaintiff should be permitted to proceed under a pseudonym. As explained herein and in the accompanying complaint, Plaintiff is a victim of the Data Breach whose sensitive personal information has been exposed publicly and now faces an increased risk of harassment and harm. Plaintiff seeks to proceed under pseudonym because she fears being targeted as a result of the Data Breach and her name being associated with a public filing.

Thus, given the risk of harm to Plaintiff if her identity is revealed to the public, Plaintiff should be permitted to proceed under a pseudonym because her "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1-68. Publicly disclosing Plaintiff's identity during this case could lead her to be subjected to targeted abuse. Thus, nondisclosure of Plaintiff's identity is necessary to protect her from "'harassment, injury, ridicule or personal embarrassment.'" *K.H.B.*, 2018 WL 4053457, at *1 (quoting *Advanced Textile*, 214 F.3d at 1067–68).

Additionally, Defendant will not suffer prejudice if the Court allows Plaintiff to proceed under a pseudonym. While Plaintiff intends to seek a protective order before disclosing identifying information to counsel for Defendant, once such protection is in place, Plaintiff is willing to disclose her identity to Defense counsel who appear in this case (and this Court), as needed. Plaintiff asks only to keep her identity private from the public for her safety.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and permit her to proceed under pseudonym.

Dated: August 7, 2025                                  Respectfully submitted,

*/s/ Tina Wolfson*
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Theodore W. Maya (SBN 223242)
tmaya@ahdootwolfson.com
Deborah De Villa (SBN 312564)
ddevilla@ahdootwolfson.com
Alyssa D. Brown (SBN 301313)

*abrown@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile:  (310) 474-8585

*Counsel for Plaintiff and the Proposed Class*

5
PLAINTIFF JANE DOE'S ADMINISTRATIVE MOTION TO PROCEED UNDER
PSEUDONYM; No. 3:25-cv-06325-AGT

# CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, I caused the following documents to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

► **PLAINTIFF JANE DOE'S ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM**

► **DECLARATION OF TINA WOLFSON IN SUPPORT OF PLAINTIFF JANE DOE'S ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM**

► **[PROPOSED] ORDER GRANTING PLAINTIFF JANE DOE'S ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM**

I also certify that I caused the forgoing documents to be served on all counsel in related actions via electronic mail.

In addition, I served the defendants via first class certified mail, deposited on August 7, 2025, at the following addresses:

Tea Dating Advice Inc.
c/o Legal Inc. Registered Agents, Inc.
500 N. Brand Blvd., Suite 890
Glendale CA 91203

X Corp.
c/o CT Corporation Systems
330 N. Brand Blvd., Suite #700
Glendale CA 91203

4CHAN Community Support, LLC
c/o Capital Services, Inc.
108 Lakeland Ave.
Dover, DE 19901

Dated: August 7, 2025

_/s/ Carlos D. Armijo_
Carlos D. Armijo