JUNJI SUZUKI (SBN 184738)
**MARSHALL SUZUKI LAW GROUP, P.C.**
290 King Street., Suite 10
San Francisco, CA 94107
Telephone: (415) 618-0090
Facsimile: (415) 618-0190
Email (JUNJI SUZUKI): junji@marshallsuzuki.com

Attorneys for Defendant
4CHAN COMMUNITY SUPPORT LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>TEA DATING ADVICE, INC., X CORP., and 4CHAN COMMUNITY SUPPORT LLC,<br>　　　　　　　　Defendants. | Case Number: No. 3:25-cv-06325<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM IN SUPPORT**<br><br>DATE: September 24, 2025<br>TIME: 2:00 PM<br>COURTROOM: San Francisco Courthouse, Courtroom 2 – 17th Floor<br>Judge: **William H Orrick** |

### I.　NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 24, 2025, at 2:00 PM, at San Francisco Courthouse, Courtroom 2 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable William H Orrick, 4CHAN COMMUNITY SUPPORT, LLC ("4Chan"), named as a Defendant in the above-entitled cause, by and through their counsel, Marshall Suzuki Law Group, P.C., will move this Court to dismiss all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Section 230 of the Communications Decency Act, codified as 47 U.S.C. § 230.

The motion will be based on this Notice and Motion, the Memorandum of Points and Authorities below, and the Proposed Order attached hereto.

## II. ISSUE TO BE DECIDED

Whether Defendant 4Chan Community Support, LLC, is immune from civil liability pursuant to Section 230 of the Communications Decency Act, codified as 47 U.S.C. § 230.

## III. MEMORANDUM

### A. INTRODUCTION

Plaintiff Jane Doe ("Doe") has filed a Complaint against Defendant 4CHAN COMMUNITY SUPPORT LLC ("4Chan") seeking to hold 4Chan liable for content posted by third-party users on its platform. This Motion to Dismiss is based on the immunity provided to interactive computer service providers under Section 230 of the Communications Decency Act ("CDA"), which expressly prohibits treating such providers as publishers or speakers of content posted by others.

### B. STATEMENT OF FACTS

On July 28, 2025, Plaintiff Doe filed a Complaint purporting to represent herself as well as those similarly situated. In her Complaint, Plaintiff Doe alleges a data breach of Tea Dating Advice, Inc. that compromised the personal data of Doe and other members of the purported class.[1] The Complaint does not identify the person or persons who instigated this breach. Doe further alleges that personal user data was retrieved from Tea Dating Advice, Inc. and posted anonymously by users on 4Chan's imageboard.

---

[1] Defendant 4Chan Community Support respectfully requests that this Court take judicial notice of the allegations in Plaintiffs' Complaint in lieu of the formal Affidavit or Declaration required by Local Rule 7-5.

Despite 4Chan never having received any takedown notices or complaints, Plaintiff now seeks to impose civil liability on 4Chan for information posted by its anonymous users.

### C. LAW AND ARGUMENT

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint on the grounds that the complaint does not state a claim for which relief may be granted. When evaluating a motion brought under Rule 12(b)(6), the Court is limited to the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *In re Apple Inc. App Store Simulated Casino-Style Games Litigation*, 625 F. Supp. 3d 971, 977 (N.D. Cal. 2022). The allegations in Plaintiffs' Complaint clearly show that Defendant 4Chan Community Support is not liable for anything alleged in the Complaint.

A defendant's immunity from suit pursuant to the Communications Decency Act ("CDA") was passed by Congress in 1996 as an effort to regulate indecent content on the internet, with the specific intent of preventing minors from gaining access to such content. Section 230 of the CDA, codified as 47 U.S.C. § 230, serves as a broad protection for websites, shielding them from being treated as a publisher of content posted by their users. Subsection(c)(1) provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." Subsection(c)(2) provides protection against civil liability.

The United States Court of Appeals for the Ninth Circuit, in *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009), developed the following three-prong test in determining whether a claim is barred pursuant to 47 U.S.C. § 230(c):

(1) Is the Defendant an interactive computer service provider?

(2) Does the claim treat the Defendant as a publisher or speaker?

(3) Was the content at issue provided by another party?

570 F.3d at 1100-01.

Regarding the first prong, the Ninth Circuit noted that "interactive computer service" is defined in 47 U.S.C. § 230(f)(2) as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." There seems to be no grounds to dispute that 4Chan qualifies as an interactive computer service provider. *See* Complaint at para. 21.

Regarding the second prong, the Plaintiff alleges claims against Defendant 4Chan for negligence and violations of California's Unfair Competition Law (Cal. Bus & Prof. Code § 17200 et seq.). Plaintiff further seeks declaratory and injunctive relief against 4Chan. These claims by Plaintiff treat Defendant 4Chan as the publisher or speaker specifically referencing "the dissemination of" the information on its platform. *See, e.g.* Complaint para. 152., *see also* para. 98. This is the precise type of liability that 47 U.S.C. § 230 protects interactive service computer providers from. Illustrative of this point, when affirming a motion to dismiss claims based on the protections of § 230 in *Planet Green Cartridges, Inc. v. Amazon.com, Inc.*, No. 23-4434, 2025 BL 91959 (9th Cir. Mar. 20, 2025), the Ninth Circuit explained that "[e]ach of Planet Green's claims rests on the same theory of liability, which is that Amazon made, or failed to prevent others from making, false or misleading statements about 'clone ink cartridges' sold on Amazon.com. This theory imposes a duty on Amazon to refrain from publishing such statements." Similarly, in the instant case, all of Plaintiff's claims rest on a theory of liability in

which Plaintiff alleges that 4Chan failed to prevent the dissemination of information on its platform.

Regarding the third prong, there seems to be no grounds to dispute that the content at issue was provided by another party - third-party users of 4Chan's anonymous imageboard. *See, e.g.,* Complaint at para. 3 ("anonymous users on 4chan").

Thus, the claims brought by Plaintiff against 4Chan satisfy all three prongs of the *Barnes v. Yahoo* test and are barred pursuant to 47 U.S.C. § 230. These protections have been in place for decades and Courts continue to summarily reject such claims by granting motions to dismiss. *See, e.g., Planet Green Cartridges, Inc. v. Amazon.com, Inc*., No. 23-4434, 2025 BL 91959, 2025 Us App Lexis 6525 (9th Cir. Mar. 20, 2025); *see also Doe v. Grindr Inc*., 128 F.4th 1148, 1151 (9th Cir. 2025); *Doe v. Snap, Inc*., No. 22-20543, 2023 BL 217422 (5th Cir. June 26, 2023) (rehearing denied) (all affirming district court's granting of motion to dismiss claims based on protections of § 230).

Therefore, in accordance with the protections of § 230 and the decisions of the courts, 4Chan respectfully requests that all claims brought against it herein be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, 47 U.S.C. § 230 shields 4Chan Community Support, LLC from liability for all the claims Plaintiff has brought against it. Defendant 4CHAN COMMUNITY SUPPORT LLC respectfully requests that this Court grant its Motion to Dismiss all claims against it with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Section 230 of the Communications Decency Act.

WHEREFORE, Defendant 4CHAN COMMUNITY SUPPORT LLC respectfully requests that this Court:

1. Grant this Motion to Dismiss;

2. Dismiss all claims against 4CHAN COMMUNITY SUPPORT LLC with prejudice; and

3. Grant such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED:

Dated: August 19, 2025                    MARSHALL SUZUKI LAW GROUP, P.C.

By _____
Junji Suzuki (SBN 184738)
Email: junji@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP, P.C.
290 King Street, Suite 10
San Francisco, CA 94107
Telephone: (415) 618-0090
Facsimile: (415) 618-0190

Attorneys for Defendant
4CHAN COMMUNITY SUPPORT, LLC

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 20th day of August, 2025, I served the foregoing DEFENDANT 4CHAN COMMUNITY SUPPORT, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT upon all parties in the above-entitled action by [method of service] as follows:

By:_____